1  Ekwan E. Rhow - State Bar No. 174604
       erhow@birdmarella.com
2  Oliver Rocos - State Bar No. 319059
       orocos@birdmarella.com
3  Jonathan M. Jackson - State Bar No. 257554
       jjackson@birdmarella.com
4
   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
5  DROOKS, LINCENBERG & RHOW, P.C.
   1875 Century Park East, 23rd Floor
6  Los Angeles, California 90067-2561
   Telephone: (310) 201-2100
7  Facsimile: (310) 201-2110

8  Attorneys for Plaintiff Krystal Ventures,
   LLC
9

10              **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12

13  KRYSTAL VENTURES, LLC,            CASE NO. 2:22-cv-04494

14           Plaintiff,

15       vs.                          **COMPLAINT FOR BREACH OF
                                        CONTRACT**
16  GENTRY BEACH,

17           Defendant.              **DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1. This action arises out of defendant Gentry Beach's ("Beach" or "Defendant") repeated failure and refusal to pay plaintiff Krystal Ventures, LLC ("Krystal Ventures" or "Plaintiff") monies that Beach has *twice agreed in writing* he owes. Beach entered into, and then almost immediately breached, two settlement agreements—a settlement agreement and an amended settlement agreement—with Krystal Ventures to resolve a dispute between the parties dating from 2020. Krystal Ventures' repeated attempts to resolve this dispute informally have gone unanswered and, as a result, it was forced to file this lawsuit to vindicate its rights.

**THE PARTIES**

2. Krystal Ventures is a limited liability company incorporated in the state of California, with its principal place of business in Long Beach, California.

3. On information and belief, Gentry Beach is an individual residing in the state of Texas.

**JURISDICTION AND VENUE**

4. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship because Krystal Ventures is a resident of California, and Defendant is a resident of Texas. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

5. Personal jurisdiction exists over Defendant in this district because (1) he intentionally directed his activities into this jurisdiction by entering into multiple agreements with Krystal Ventures, including the settlement agreement that is the subject of this action; and (2) in paragraph 9 of the operative amended settlement agreement, the full details of which are set forth below, Beach expressly consented to the sole and exclusive personal jurisdiction and venue in the federal or state courts of California.

6. Venue is proper in this Court because (1) a substantial part of the events or omissions giving rise to the claim asserted in this action occurred in this

1    district, 28 U.S.C. § 1391(b)(2); and (2) in paragraph 9 of the operative amended

2    settlement agreement, Beach expressly consented to the sole and exclusive personal

3    jurisdiction and venue in the federal or state courts of California.

4                                **STATEMENT OF FACTS**

5            7.      On or about October 9, 2020, Krystal Ventures filed an action against

6    Beach (Case No. 2:20-cv-09315-DMG (C.D. Cal.)), alleging claims for fraud,

7    breach of contract, and unjust enrichment, arising out of Beach's failure to pay

8    Krystal Ventures monies owed in connection with the purchase and sale of Personal

9    Protective Equipment for use in combatting the COVID-19 pandemic.

10           8.      On or about May 13, 2021, the parties entered into a settlement

11   agreement, pursuant to which the action was dismissed (the "Settlement

12   Agreement").  In that agreement, Beach acknowledged that he owed Krystal

13   Ventures a total of $662,500, and agreed to pay Krystal Ventures that amount on or

14   before October 30, 2021.

15           9.      Beach breached that Settlement Agreement and failed to pay the

16   amount due by October 30, 2021.  On or about November 3, 2021, Krystal Ventures

17   sent Beach a written notice of default pursuant to that Settlement Agreement.  Beach

18   failed to cure his default within 30 days as required.

19           10.     After further negotiations, on or about February 15, 2022, the parties

20   entered into an amended settlement agreement (the "Amended Settlement

21   Agreement") (attached hereto as **Exhibit 1**).  Pursuant to that agreement, Gentry

22   Beach was required to pay Krystal Ventures the sum of $642,500 in several

23   installment "Payments."

24           11.     A Payment of $100,000 was due on or before April 30, 2022.

25   (Amended Settlement Agreement, § 1.)  Beach failed to make that Payment.

26   Accordingly, the full balance due under the Amended Settlement Agreement was

27   immediately due and payable.  (*Id.*, § 3(a).)  Pursuant to section 3(a) of the

28   Amended Settlement Agreement, on or about May 4, 2022, Krystal Ventures

1 | provided written notice of default to Beach and his attorneys.  Beach failed to cure

2 | his default within thirty (30) calendar days as required.  (*See id*.)

3 |     12.    Beach also failed to make the $100,000 Payment due on May 31, 2022.

4 | (*See* Amended Settlement Agreement, § 1.)  Krystal Ventures sent Beach a second

5 | written notice of default on or about June 1, 2022.  Beach again failed to cure his

6 | default.

7 |     13.    Having failed to make the requisite payments on time, Beach also owes

8 | contractual interest on the total amount due at a rate of 10% per annum, accruing

9 | from the date of the Amended Settlement Agreement, *i.e.*, February 15, 2022.  (*Id*.,

10 | § 3(b).)

11 |     14.    Finally, the Amended Settlement Agreement expressly provides that in

12 | the event of default, "Krystal Ventures shall be entitled to immediately file an action

13 | to enforce its terms and to collect any and all unpaid sums."  (*Id*., § 3(c).)

14 | **FIRST CLAIM FOR BREACH OF CONTRACT**

15 |     15.    Krystal Ventures repeats and re-alleges paragraphs 1 through 14 of this

16 | Complaint.

17 |     16.    On or about February 15, 2022, Krystal Ventures and Beach entered

18 | into the Amended Settlement Agreement, which is a valid and enforceable contract.

19 |     17.    Krystal Ventures performed under the Amended Settlement Agreement

20 | and/or was excused from performance, including by refraining from filing a lawsuit

21 | against Beach for the amounts due under the parties' prior Settlement Agreement.

22 |     18.    Beach breached the Amended Settlement Agreement, including by

23 | failing to make the required $100,000 Payment due on or before April 30, 2022,

24 | failing to make another required $100,000 Payment due on or before May 31, 2022,

25 | and failing to cure his default within thirty days after receiving written notice of

26 | default.

27 |     19.    Krystal Ventures has been harmed as a result of Beach's breach in the

28 | amount of the total outstanding balance due under the Amended Settlement

1 | Agreement, and contractual interest due on this amount at an annual rate of 10%,

2 | accruing from the date of the Amended Settlement Agreement, *i.e.*, February 15,

3 | 2022.

## PRAYER FOR RELIEF

5 |      WHEREFORE, Plaintiff Krystal Ventures requests judgment against Beach

6 | as follows:

7 |      A.     General and special damages according to proof;

8 |      B.     Contractual and/or statutory interest;

9 |      C.     Any and all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

11 |      In accordance with Rule 38 of the Federal Rules of Civil Procedure, Krystal

12 | Ventures respectfully demands a jury trial of all issues triable to a jury in this action.

DATED:  June 30, 2022          Ekwan E. Rhow
                               Oliver Rocos
                               Jonathan M. Jackson
                               Bird, Marella, Boxer, Wolpert, Nessim,
                               Drooks, Lincenberg & Rhow, P.C.


                               By: _____
                                        Oliver Rocos
                                   Attorneys for Plaintiff Krystal Ventures,
                                   LLC

5
COMPLAINT

# EXHIBIT 1

## AMENDED SETTLEMENT AGREEMENT

This AMENDED SETTLEMENT AGREEMENT ("Amended Agreement") is made and entered into as of February 15, 2022, by and between Gentry Beach ("Beach") and Krystal Ventures, LLC ("Krystal Ventures") (together, the "Parties").

WHEREAS, on or about May 4, 2021, the Parties entered into that certain Settlement Agreement relating to the action styled *Krystal Ventures, LLC v. Gentry Beach,* Case No. 20-cv-09315, pending in the United States District Court for the Central District of California;

WHEREAS, the Settlement Agreement provides that Beach shall pay Krystal Ventures the sum of $662,500 on or before October 30, 2021 (the "Payment"), and further provides that in the event of a default that is not cured timely, interest shall accrue on the entire outstanding amount of the Payment at the time of default at a simple rate of 10% per annum, and shall be deemed to have been accruing from the date of the Settlement Agreement;

WHEREAS, Beach did not pay Krystal Ventures the sum of $662,500 on or before October 30, 2021;

WHEREAS, on or about December 27, 2021, Beach paid Krystal Ventures the sum of $100,000;

WHEREAS, the Parties desire to enter into this Amended Agreement to avoid the burden, risks, costs, and uncertainties associated with further litigation;

NOW, THEREFORE in consideration of the mutual promises, agreements, and covenants contained herein, and for other good and valuable consideration described below, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to enter into this Amended Agreement as follows:

1.   **Payment.**  Beach shall pay Krystal Ventures the total sum of $642,500 according to the following schedule (the "Payments," referred to collectively as the "Payment"):

> $100,000 by February 28, 2022;
> $100,000 by April 30, 2022;
> $100,000 by May 31, 2022;
> $100,000 by June 30, 2022;
> $100,000 by July 31, 2022;
> $100,000 by August 31, 2022; and
> $42,500 by September 30, 2022.

2.   **Lawsuit**.  Except as set forth below, Krystal Ventures shall not initiate litigation to collect unpaid sums under the Settlement Agreement.

3.   **Default**.

   (a)   In the event Beach fails to make any of the Payments in accordance with Section 1 above or a bankruptcy proceeding is commenced with respect to Beach, any amount of the Payment outstanding at that time shall be immediately due and payable.  In the event any of the Payments is not made timely, Krystal Ventures

1

shall provide a written notice of default to Beach and provide Beach thirty (30) calendar days to cure the default, and, if a default is cured within that time period, the payment shall be deemed timely.

(b)   In the event of a default that is not cured timely, interest shall accrue on the entire outstanding amount of the Payment at the time of default. Interest shall accrue at a simple rate of 10% per annum, and shall be deemed to have been accruing from the date of this Amended Agreement (*e.g.*, if $500,000 is unpaid on May 31, 2022, interest on that sum shall be deemed to have been accruing since the date of this Amended Agreement). Any such interest also shall be immediately due and payable.

(c)   In the event Beach fails to make any of the Payments and fails to cure a duly noticed default timely, or otherwise breaches this Amended Agreement, Krystal Ventures shall be entitled to immediately file an action to enforce its terms and to collect any and all unpaid sums.

4.   **Releases**. The Parties hereby release one another (and, where applicable, their members, successors, heirs, assigns, and spouses, including, for the avoidance of doubt, Daniel Kang) from any and all liability, claims, demands, damages, injuries, losses, costs, expenses, attorneys' fees, actions, causes of actions, duties, debts, responsibilities, and liabilities of law or equity, whether known or unknown, arising out of or related to the Settlement Agreement. This release does not release any other claims, causes of action, duties, or obligations not expressly stated herein, including, but not limited to, (a) any other claims the Parties may possess against each other; (b) any of the Parties' claims against SNS Global USA, Rick Kofoed, or other parties; and (c) the Parties' rights and remedies to enforce any obligation arising under this Amended Agreement.

5.   **No Waiver**. No failure or forbearance by any of the Parties to exercise any right or remedy with respect to the enforcement of this Amended Agreement, or waiver or indulgence of any breach or series of breaches of this Amended Agreement, will be deemed or construed as an ongoing waiver with regard to any subsequent breach or as a waiver of any provision of this Amended Agreement, or affect the enforceability of any part or all of this Amended Agreement. No waiver will be valid unless executed in writing by the waiving party.

6.   **No Admission of Liability or Wrongdoing**. Nothing herein shall be construed as an admission of liability or wrongdoing by either Party.

7.   **Amendment**. This Amended Agreement cannot be modified or amended in any way other than in writing, signed by the party to be charged.

8.   **Governing Law**. This Amended Agreement is made pursuant to, and shall be governed by, the laws of the State of California.

9.   **Dispute**. In the event of a dispute regarding the terms or the enforcement of this Amended Agreement, all Parties expressly and irrevocably consent to submit to the sole and exclusive personal jurisdiction and venue in the federal or state courts of California. They further agree that all disputes or litigation arising out of, relating to, or regarding

2

this Amended Agreement shall be submitted to and determined by those courts, which shall have sole and exclusive jurisdiction.

10.     **Joint Drafting.** This Amended Agreement shall be deemed to have been written jointly by the Parties. Ambiguities shall not be construed against the interest of any Party by reason of it or he having drafted all or any part of this Amended Agreement.

11.     **Severability.** If any provision of this Amended Agreement is held to be unenforceable by a court, tribunal, or arbiter of competent jurisdiction, the remainder of this Amended Agreement shall remain binding and enforceable to the fullest extent permitted by law.

12.     **Voluntary Agreement.** This Amended Agreement has been carefully read by the Parties and each Party warrants that it has had the opportunity to consult with counsel of their choice. The contents hereof are known and fully understood by the Parties and each Party acknowledges that it is under no duress or undue influence and that it has executed this Amended Agreement as its or his own free and voluntary act.

13.     **Binding on Successors**. This Amended Agreement shall be binding upon, and shall inure to the benefit of, the Parties and their respective (where applicable) members, successors, heirs, assigns, and spouses.

**AGREED TO AND ACCEPTED BY:**

DATED: February ___, 2022          GENTRY BEACH

                                   By: _____
                                       Gentry Beach

DATED: February ___, 2022          KRYSTAL VENTURES LLC

                                   By: _____
                                       Name:
                                       Title:

3

**9**